U.S. DISTRICT
WESTERN DISTRICT
FILE:

AUG 6

ROBERT H. SHE
BY _____

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | | |
|---|---|---|
| JOSHUA SMITH | * | |
| | * | CIVIL CASE NO. 02-CV-2385 |
| VERSUS | * | |
| | * | JUDGE ROBERT G. JAMES |
| CONCEPT LABORATORIES, INC., | * | |
| TACTNY, L.L.C. and EPNY, INC. | * | MAG. JG. JAMES D. KIRK |
| | * | |

*************************************************************************

## ANSWER OF DEFENDANT, CONCEPT LABORATORIES, INC, TO PLAINTIFF'S PETITION FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes defendant, **Concept Laboratories, Inc. (hereinafter "Concept"),** and for its answer to plaintiff's Petition for Damages herein, respectfully represents that:

I.

Concept admits that it is a foreign corporation authorized to and doing business in the State of Louisiana. For the purposes of Louisiana Products Liability Act (LA R.S. 9:2800.51 *et seq.*), Concept admits that it manufactured the product Epi-Stop However, on information and belief, the Concept denies that the plaintiff used the product manufactured by Concept Laboratories. All other

1



allegations of Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

## II.

The allegations contained in Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

## III.

The allegations contained in Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

## IV.

The allegations contained in Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

## V.

The allegations contained in Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

## VI.

The allegations contained in Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

## VII.

The allegations contained in Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

## VIII.

The allegations contained in Paragraph 8 are denied for lack of sufficient information to

justify a belief therein.

## IX.

The allegations contained in Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

## X.

The allegations contained in Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

## XI.

The allegations contained in Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

## XII.

Plaintiff denies the allegations of Paragraph 12.

## XIII.

The last unnumbered Paragraph in the plaintiff's Petition requires no answer from the defendant.

**AND NOW FURTHER ANSWERING,** Concept respectfully represents as follows:

### *First Defense*

Petition does not state a claim upon which relief can be granted.

### *Second Defense*

All or part of the claims for relief contained in the Petition are barred by the applicable statute of limitations and/or prescriptive or preemptive statutes.

### Third Defense

The plaintiff has no right of action.

### Fourth Defense

Concept specifically pleads the applicability and exclusivity of the Louisiana Products Liability Act (La. R.S. 9:2800.51, *et seq.*) and Concept specifically avers that the plaintiff is not entitled to recovery under any other theories of product liability recovery. Concept specifically avers as if pleaded herein in extension all the provisions and defenses provided by the Louisiana Products Liability Act (La. R.S. 9:2800.51, *et seq.*).

### Fifth Defense

Concept specifically denies each and every other allegation of the petition not heretofore specifically admitted.

### Sixth Defense

Concept specifically avers that Epi-Stop was not unreasonably dangerous for a reasonably anticipated use as defined by that Louisiana Products Liability Act (La. R.S. 9:2800.51, *et seq.*).

### Seventh Defense

Concept specifically avers the applicability of La. R.S. 9:2800.59 and that Epi-Stop was designed, manufactured, packaged, labeled, sold, and distributed in conformity with the then existing reasonably available scientific and technical knowledge, and, therefore, Concept has no liability.

### Eighth Defense

In the alternative, if it is shown that the plaintiff was injured as a result of the use of Epi-Stop, which is categorically denied, then this injury was a result of misuse, modification, improper care,

alterations and/or safekeeping of the product and/or other acts of omission or commission attributable to the plaintiff or others with whom Concept cannot be held responsible.

### *Ninth Defense*

In the further alternative, if it is shown that the plaintiff was injured as a result of the use of Epi-Stop, which is categorically denied, Concept specifically avers that the plaintiff's alleged damage(s), if any, was solely and wholly caused by the independent, intervening, and superseding negligence, contributory or comparative negligence, breach of duty and/or fault of the plaintiff and/or others over whom the Concept has no control, and for whom Concept has no responsibility, all of which totally precludes, or alternatively reduces, any recoverable damages against Concept.

### *Tenth Defense*

In the further alternative, if it is shown that the plaintiff was injured as a result of the use of Epi-Stop, which is categorically denied, then Concept specifically avers that the plaintiff's alleged injuries and damages were caused by an idiosyncratic reaction without any fault or failure on the part of Concept, or any defect attributable to Epi-Stop, or any failure to include appropriate warnings, if applicable, and accordingly, Concept has no liability in the premises.

### *Eleventh Defense*

In the further alternative, Concept specifically avers that the plaintiff's lifestyle, past history, natural course of the plaintiff's disease and/or genetic predisposition was the causative factor of the plaintiff's damages, if any, and that the use by the plaintiff of Epi-Stop was only coincidental and had no relationship to the plaintiff's damages.

## *Twelfth Defense*

In the further alternative, if it is shown that the plaintiff was injured as a result of the use of Epi-Stop, which is categorically denied, then Concept specifically avers that the plaintiff failed to follow the instructions and advice given on the label of the product, Epi-Stop, or in the accompanying literature, and, accordingly, Concept has no liability.

## *Thirteenth Defense*

In the further alternative, if it is shown that the plaintiff was injured as a result of Epi-Stop, which is categorically denied, then Concept specifically avers that the plaintiff failed to mitigate damages, if any, in whole or in part.

## *Fourteenth Defense*

Concept specifically gives notice that it intends to rely upon other defenses as may become available by law, statute, or during the discovery proceedings of this case, and hereby reserves the right to amend this answer and assert any such defenses.

**WHEREFORE**, defendant Concept prays that this answer be deemed good and sufficient and that after due proceedings be had, there be judgment in favor of the Concept, dismissing the plaintiff's petition with prejudice at plaintiff's cost and that Concept be granted its costs of defense herein, and such other equitable relief as the court may deem just and proper. Further, Concept requests a trial by jury.

# FRILOT, PARTRIDGE, KOHNKE & CLEMENTS, L.C.

ATTORNEYS AT LAW

3600 ENERGY CENTRE

1100 POYDRAS STREET

NEW ORLEANS, LOUISIANA 70163-3600

TELEPHONE (504) 599-8000

FACSIMILE (504) 599-8100

RECEIVED
IN MONROE, LA

AUG 6 - 2003

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

WRITER'S DIRECT
DIAL NUMBER

599-8028

WRITER'S DIRECT
DIAL FAX NUMBER

599-8126

August 1, 2003

Clerk of Court
U.S. District Court
Western District of Louisiana (Monroe Div.)
215 Federal Bldg.
201 Jackson Street
Monroe, LA 71210

> **RE:** Joshua Smith v.
> Concept Laboratories, Inc., TACTNY, L.L.C. and EPNY, Inc.
> No.: 02-CV-2385 USDC WDLA (Monroe Div.)
> **Our File #: 434-030022**

Dear Clerk:

Enclosed for filing in the above captioned matter, please find an Answer of Defendant, Concept Laboratories, Inc., to Plaintiff's Petition for Damages. Please return a conformed copy to the undersigned in the enclosed self-addressed, stamped envelope.

Thank you for your cooperation.

Sincerely yours,

BRUCE A. CRANNER
KAREN C. DUNCAN

BAC/KCD/lec
Encls.

cc:     Anthony J. Bruscato, Esq.
        James A. Holmes, Esq.

Respectfully submitted,

FRILOT, PARTRIDGE, KOHNKE,
& CLEMENTS, L.C.

_____

BRUCE A. CRANNER, T.A. (Bar No. 1796)
KAREN C. DUNCAN (Bar No. 24080)
3600 Energy Centre
1100 Poydras Street
New Orleans, La. 70163-3600
Telephone: (504) 599-8026
Attorney for Defendant,
CONCEPT LABORATORIES, INC.


## CERTIFICATE OF SERVICE

I hereby certify that I have forwarded a copy of the above pleading to all counsel of record

by facsimile transmission and/or by placing a copy in the United States Mail, postage prepaid and

properly addressed this 31st day of July, 2003.

_____
KAREN C. DUNCAN